[Cite as *State v. Peters*, 2012-Ohio-1116.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-0098 |
| MICHAEL T. PETERS | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Licking County
                              Court of Common Pleas, Case No. 2011-
                              CR-175

JUDGMENT:                     Affirmed in part; vacated in part and
                              remanded

DATE OF JUDGMENT ENTRY:       March 15, 2012

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KENNETH OSWALT                            WILLIAM T. CRAMER
Licking County Prosecutor                 470 Olde Worthington Road, Ste. 200
BY: EARL FROST                            Westerville, OH  43082
20 South Second St., 4th Fl.
Newark, OH 43055

*Gwin, P.J.*

{1}     On July 6, 2011, appellant Michael T. Peters entered pleas of guilty to thirteen counts of breaking and entering, felonies of the fifth-degree felony, in violation of R.C. 2911.13.

{2}     At a subsequent sentencing hearing, the trial court considered the pre-sentence investigation report ("PSI"), the statements of appellant's counsel and appellant's statements. The trial court indicated that it had considered the purposes and principles of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12. The court then imposed six months on each count and set all thirteen counts to run consecutively, for a total term of six-and-a-half years in prison. Appellant has timely appealed raising the following assignments of error:

{3}     "I. THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING SIX MONTHS CONSECUTIVELY ON ALL THIRTEEN COUNTS OF FIFTH-DEGREE FELONY BREAKING AND ENTERING, FOR A TOTAL TERM OF SIX-AND-A-HALF YEARS.

{4}     "II. THE TRIAL COURT VIOLATED R.C. 2967.28 BY IMPOSING THREE YEARS OF POST-RELEASE CONTROL AT SENTENCING."

I.

{5}     In his First Assignment of Error appellant argues that his consecutive sentences in this case are contrary to the law and the trial court abused its discretion in sentencing him to a six and one-half year prison term. We disagree.

{6}     Recently in *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Ohio Supreme Court reviewed its decision in *State v. Foster,* 109 Ohio

St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 as it relates to the remaining sentencing statutes and appellate review of felony sentencing. See, *State v. Snyder,* 5th Dist. No. 2008-CA-25, 2080-Ohio-6709, 2008 WL 5265826.

**{7}** In *Kalish,* the Court discussed the affect of the *Foster* decision on felony sentencing. The Court stated that, in *Foster,* the Ohio Supreme Court severed the judicial fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and 11, 896 N.E.2d 124, citing *Foster* at ¶ 100, See also, *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306; *State v. Firouzmandi,* 5th Dist. No. 2006-CA-41, 2006-Ohio-5823, 2006 WL 3185175.

**{8}** In *Kalish,* the Court discussed the affect of the *Foster* decision on felony sentencing. The Court stated that, in *Foster,* the Ohio Supreme Court severed the judicial fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and 11, 896 N.E.2d 124, citing *Foster* at ¶ 100, See also, *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306; *State v. Firouzmandi,* supra.

**{9}** "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶

13, see also *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1; *State v. Firouzmandi,* supra at ¶ 29.

{10} "Thus, despite the fact that R.C. 2953.08(G)(2) refers to the excised judicial fact-finding portions of the sentencing scheme, an appellate court remains precluded from using an abuse-of-discretion standard of review when *initially* reviewing a defendant's sentence. Instead, the appellate court must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." *Kalish* at ¶ 14.

{11} Therefore, *Kalish* holds that, in reviewing felony sentences and applying *Foster* to the remaining sentencing statutes, the appellate courts must use a two-step approach. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment shall be reviewed under an abuse of discretion standard." *Kalish* at ¶ 4, *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{12} The Supreme Court held, in *Kalish,* that the trial court's sentencing decision was not contrary to law. "The trial court expressly stated that it considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12. Moreover, it properly applied post release control, and the sentence was within the permissible range. Accordingly, the sentence is not clearly and convincingly contrary to law." *Kalish* at ¶ 18. The Court further held that the trial court "gave careful and

substantial deliberation to the relevant statutory considerations" and that there was "nothing in the record to suggest that the court's decision was unreasonable, arbitrary, or unconscionable." *Kalish* at ¶ 20.

{13} In the case at bar, appellant was convicted of felonies of the fifth degree. For a violation of a felony of the fifth degree, the potential sentence that a court can impose is six, seven, eight, nine, ten, eleven, or twelve months. Appellant was sentenced to a sentence of six months on each count.

{14} Upon review, we find that the trial court's sentencing on the charge complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Furthermore, the record reflects and appellant agrees that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised appellant regarding post release control. Therefore, the sentence is not clearly and convincingly contrary to law.

{15} Having determined that the sentence is not contrary to law we must now review the sentence pursuant to an abuse of discretion standard. *Kalish* at ¶ 4; *State v. Firouzmandi,* supra at ¶ 40. In reviewing the record, we find that the trial court gave careful and substantial deliberation to the relevant statutory considerations.

{16} Under Ohio law, judicial fact-finding is no longer required before a court imposes consecutive or maximum prison terms. See *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470; *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1. Instead, the trial court is vested with discretion to impose a prison term within the statutory range. See *Mathis,* at ¶ 36. In exercising its discretion, the trial court

must "carefully consider the statutes that apply to every felony case [including] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender [and] statutes that are specific to the case itself." Id. at ¶ 37, 846 N.E.2d 1. Thus, post-*Foster*, "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter,* 5th Dist. No. 2006-CA-0025, 2006-Ohio-4061, 2006 WL 2257068; *State v. Delong,* 4th Dist. No. 05CA815, 2006-Ohio-2753, 2006 WL 2257068, ¶ 7-8. Therefore, post-*Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions.

{17} There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431, 655 N.E.2d 820 (4th Dist. 1995); *State v. Gant,* 7th Dist. No. 04 MA 252, 2006-Ohio-1469, 2006 WL 771790, ¶ 60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992); *State v. Hughes,* 6th Dist. No. WD-05-024, 2005-Ohio-6405, 2005 WL 3254527, ¶ 10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case).

{18} Where the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation. Where the record adequately justifies the sentence imposed, the court need not recite

its reasons. *State v. Middleton*, 8th Dist. No. 51545, 1987 WL 5476 (Jan. 15, 1987). In other words, an appellate court may review the record to determine whether the trial court failed to consider the appropriate sentencing factors. *State v. Firouzmandi,* supra at ¶ 52.

{19}　Accordingly, appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing factors. *Cincinnati v. Clardy*, 57 Ohio App.2d 153, 385 N.E.2d 1342 (1st Dist. 1978). An "abuse of discretion" has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. *Woosley v. United States*, 478 F.2d 139, 147 (8th Cir. 1973). The imposition by a trial judge of a sentence on a mechanical, predetermined or policy basis is subject to review. *Woosley,* supra at 143-145. Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate courts can reverse the sentence. *Woosley,* supra at 147. This by no means is an exhaustive or exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of sentence in a particular case. *State v. Firouzmandi,* supra.

{20}　In the case at bar, there is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor. We find nothing in the record of appellant's

case to suggest that his sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment.

{21} In the case at bar, the trial court conducted a sentencing hearing in open court. Appellant concedes that the trial court considered statements from appellant and his legal counsel; the overriding purposes of felony sentencing; the statutory factors set forth in R.C. 2929.12 and 2929.13; the Pre-Sentence Investigation report, which indicated that appellant had a prior criminal history, and had a history of substance abuse; and the seriousness and recidivism factors, before deciding on a prison term of six and one-half years.

{22} It appears to this Court that the trial court's statements at the sentencing hearing were guided by the overriding purposes of felony sentencing to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11.

{23} Based on the record, the transcript of the sentencing hearing and the subsequent judgment entry, this Court cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably, or that the trial court violated appellant's rights to due process under the Ohio and United States Constitutions in its sentencing appellant. Further, the sentence in this case is not so grossly disproportionate to the offense as to shock the sense of justice in the community.

{24} Further the Supreme Court of Ohio held in *State v. Hodge,* 128 Ohio St.3d 1, 2010–Ohio–6320, "For all the foregoing reasons, we hold that the decision of the United States Supreme Court in *Oregon v. Ice* does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which

were held unconstitutional in *State v. Foster.* Because the statutory provisions are not revived, trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made.

**{25}** "The trial court in this case did not err in imposing consecutive sentences without applying R.C. 2929.14(E)(4) and 2929.41(A), and defendants such as Hodge who were sentenced without application of the statutes are not entitled to resentencing." Id at ¶ 39-40. See, *State v. Fry*, 5th Dist. No. 10CAA090068, 2011-Ohio-2022 at ¶ 16-17.

**{26}** In the case at bar, the trial court after noting appellant's criminal history, observed, "I mean, you have been ordered to treatment half a dozen times before on your drunk driving convictions or your earlier felony offenses, and it's never worked." Further, the trial court did not grant jail credit since the appellant was serving time on another conviction in which his probation had been revoked.

**{27}** Upon review, we find no error as a matter of law in the trial court sentencing appellant to the minimum, consecutive sentences or any abuse of discretion.

**{28}** Appellant's First Assignment of Error is overruled.

II.

**{29}** During sentencing, the trial court indicated: "Upon release from the penitentiary, you'll be placed on post-release control for three years. If you violate the terms of post-release control, you're subject to being returned to the penitentiary for nine months or, for repeated violations, one-and-a-half years." The sentencing entry

similarly indicates, "The Court sentences the defendant to a period of three (3) years of post-release control following any prison sentence imposed."

{30} In his Second Assignment of Error, appellant argues the trial court was not authorized to impose three years of post-release control unilaterally at sentencing. R.C. 2967.28(C) provides that any sentence for a fifth-degree felony "shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, .. . , determines that a period of post-release control is necessary for that offender." Under R.C. 2967.28(D), the parole board is required to review a prisoner's criminal history and the record of the prisoner's conduct while imprisoned before deciding whether to impose post-release control. Thus, appellant contends post-release control for fifth degree felonies is left to the discretion of the parole board, which must wait to review the offender's conduct while in prison and need not impose a full three years of sanctions.

{31} Rather than void, appellant's sentence with respect to post release control is voidable, i.e. it is a judgment "rendered by a court that has both jurisdiction and authority to act, but in which the court's judgment is invalid, irregular, or erroneous." *State v. Simpkins,* 117 Ohio St.3d 420, 2008–Ohio–1197, 884 N.E.2d 568, ¶ 12, *superseded by statute on other grounds as stated in State v. Singleton,* 124 Ohio St.3d 173, 2009–Ohio–6434, 920 N.E.2d 958; *State v. McKenna*, 11th Dist. No. 2009-T-0034, 2009-Ohio-6154 at ¶84.

{32} Accordingly, we vacate the judgment of the trial court insofar as it relates to the imposition of post release control and remand this cause to the trial court to modify appellant's sentence with respect to post release control so that appellant's

sentence shall include a requirement that appellant be subject to a period of post-release control of up to three years after appellant's release from imprisonment, if the parole board, in accordance with division (D) of R.C. 2967.28 determines that a period of post-release control is necessary for appellant.

**{33}** Appellant's Second Assignment of Error is sustained.

**{34}** For the foregoing reasons, the judgment of the Court of Common Pleas for Licking County, Ohio is affirmed in part and vacated in part. We vacate the judgment of the trial court insofar as it relates to the imposition of post release control and remand this case to the trial court to modify appellant's sentence with respect to post release control so that appellant's sentence shall include a requirement that appellant be subject to a period of post-release control of up to three years after appellant's release from imprisonment, if the parole board, in accordance with division (D) of R.C. 2967.28 determines that a period of post-release control is necessary for appellant.

By Gwin, P.J.,

Wise, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS

WSG:clw 0220

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
             Plaintiff-Appellee        :
                                       :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
MICHAEL T. PETERS                      :
                                       :
                                       :
             Defendant-Appellant       :        CASE NO. 2011-CA-0098


       For the reasons stated in our accompanying Memorandum-Opinion, the

judgment of the Court of Common Pleas for Licking County, Ohio is affirmed in part and

vacated in part. We vacate the judgment of the trial court insofar as it relates to the

imposition of post release control and remand this case to the trial court to modify

appellant's sentence with respect to post release control so that appellant's sentence

shall include a requirement that appellant be subject to a period of post-release control

of up to three years after appellant's release from imprisonment, if the parole board, in

accordance with division (D) of R.C. 2967.28 determines that a period of post-release

control is necessary for appellant.


                                       _____
                                       HON. W. SCOTT GWIN


                                       _____
                                       HON. JOHN W. WISE


                                       _____
                                       HON. JULIE A. EDWARDS