[Cite as *State v. Willey*, 2012-Ohio-2156.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case Nos. 11CA000031and 11CA000032 |
| SARA D. WILLEY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Guernsey County Court of Common Pleas, Case Nos. 10-CR-184 and 11-CR-31


JUDGMENT:    AFFIRMED


DATE OF JUDGMENT ENTRY:    May 10, 2012


APPEARANCES:

For Appellant:

MICHAEL GROH
919 Wheeling Ave.
Cambridge, OH 43725

For Appellee:

DANIEL G. PADDEN
GUERNSEY CO. PROSECUTOR
139 W. 8th Street
P.O. Box 640
Cambridge, OH 43725

*Delaney, J.*

{¶1}   Appellant Sara D. Willey appeals from the August 15, 2011 decision of the Guernsey County Court of Common Pleas sentencing her to a prison term of seven months consecutive to her prison term in another case.[1]   Appellee is the State of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶2}   This case arose when appellant was sentenced in two separate criminal cases before the Guernsey County Court of Common Pleas.[2]   Appellant entered a plea of guilty and waived her right to trial in both cases.

{¶3}   In case number 10-CR-184, appellant was charged by indictment with one count of obstructing official business [R.C. 2921.31], a felony of the fifth degree. The trial court sentenced her to a prison term of seven months consecutive to her life term in case number 11-CR-31, despite the recommended sentence of the state and defense of a six-month term.   The trial court objected because the recommendation is the minimum sentence and that appellant would receive credit for 185 days served, which would effectively eliminate any additional time.

{¶4}   The trial court rejected the recommendation of the state and defense because appellant was on bond in case number 10-CR-184 when she committed the offenses in case number 11-CR-31.   During sentencing, the trial court noted a person who commits additional crimes while on bond is not entitled to a minimum sentence.

---

[1] Appellant appeals from the sentencing entry of the trial court in case number 10-CR-184.  Her sentence in that case is consecutive to her prison term in case number 11-CR-31.  We consolidated her appeals from both cases, but she appeals only from the sentencing entry in 10-CR-184.

[2] A statement of the facts underlying appellant's original conviction is unnecessary to our disposition of this appeal.

{¶5}   In case number 11-CR-31, appellant was charged by indictment with one count of complicity to commit aggravated murder, one count of complicity to commit aggravated robbery, one count of complicity to commit grand theft, one count of attempted theft of a firearm, and one count of complicity to possess a weapon while under disability.  Appellant received an aggregate sentence of life in prison with parole eligibility after fifteen years.

{¶6}   Appellant does not challenge the life sentence in case number 11-CR-31 but appeals from the trial court's sentencing entry in case number 10-CR-184.

{¶7}   Appellant raises one assignment of error:

{¶8}   "I.   THE TRIAL COURT'S DECISION TO SENTENCE DEFENDANT GREATER THAN THE MINIMUM SENTENCE ON THE OBSTRUCTING OFFICIAL BUSINESS COUNT AND TO MAKE THAT SENTENCE CONSECUTIVE WAS AN ABUSE OF DISCRETION.

I.

{¶9}   Appellant argues that the trial court abused its discretion in sentencing appellant to a non-minimum, consecutive term in case number 10-CR-184.   We disagree.

{¶10} Appellant was charged by indictment with one count of obstructing official business, a felony of the fifth degree, pursuant to R.C. 2921.31.  The statutory sentencing range for a felony of the fifth degree is six, seven, eight, nine, ten, eleven, or twelve months.  R.C. 2929.14(A)(5).  Appellant's sentence of seven months is therefore within the statutory range.

{¶11} This court has held that trial courts have full discretion to impose a prison sentence within the statutory range and we review the imposition of consecutive sentences under an abuse-of-discretion standard. *State v. Firouzmandi,* 5th Dist. No. 06-CA-41, 2006-Ohio-5823, ¶40; *State v. Duff*, 5th Dist. No. 06-CA-81, 2007-Ohio-1294, ¶6.

{¶12} The Ohio Supreme Court has established a two-step analysis for reviewing a felony sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Id.* at ¶4. The second step requires the trial court's decision to be reviewed under an abuse-of-discretion standard. *Id.*

{¶13} Appellant does not argue that the trial court failed to comply with any applicable rules and statutes in imposing her seven-month sentence, and in fact notes that the trial court was not required to engage in judicial fact-finding. *See, Kalish*, *supra*.

{¶14} Appellant does challenge the trial court's imposition of a non-minimum consecutive sentence as an abuse of discretion, however, arguing there was no recitation of facts which justify a departure from the minimum sentence and committing additional crimes while on bond does not justify a non-minimum sentence. We have previously noted that "[w]here the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation." *State v. Peters,* 5th Dist. No. 2011-CA-0098, 2012-Ohio-1116, at ¶ 18. Where the record adequately justifies the sentence imposed, though, the

court need not recite its reasons. *Id.*, citing *State v. Middleton,* 8th Dist. No. 51545, 1987 WL 5476 (Jan.15, 1987).

{¶15} In this case, the trial court did adequately justify the sentence by noting that while on bond, appellant committed additional crimes. We further note that the sentence imposed by the trial court is only one month greater than the sentence sought by the defense and is not a maximum sentence for a felony of the fifth degree.

{¶16} The trial court's attitude in imposing a non-minimum, consecutive sentence, therefore, was not unreasonable, arbitrary, or unconscionable. *See, Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶17} Appellant's sole assignment of error is overruled and the judgment of the Guernsey County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Farmer, J. and

Wise, J. concur.

 

_____
HON. PATRICIA A. DELANEY

 

_____
HON. SHEILA G. FARMER

 

_____
HON. JOHN W. WISE

PAD:kgb

[Cite as *State v. Willey*, 2012-Ohio-2156.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| SARA D. WILLEY | : | |
| | : | |
| | : | Case No. 11CA000031 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Guernsey County Court of Common Pleas is affirmed. Costs assessed to appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| SARA D. WILLEY | : | |
| | : | |
| | : | Case No. 11CA000032 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Guernsey County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE