DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Adams County Common Pleas Court judgment of conviction and sentence. Patrick Delong, defendant below and appellant herein, raises the following assignment of error for review and determination:
"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPOSING THE MAXIMUM SENTENCE OF FIVE YEARS FOR THE CONVICTION OF A THIRD DEGREE FELONY."
 {¶ 2} On February 18, 2005, the Adams County Grand Jury returned an indictment charging appellant with obstructing justice in violation of R.C. 2921.32(A)(1), (2), and (5), and tampering with evidence in violation of R.C. 2921.12(A)(1). Appellant pled guilty to obstructing justice, and the court later dismissed the tampering with evidence charge.
 {¶ 3} The trial court sentenced appellant to five years imprisonment, the maximum sentence. The court found that: (1) appellant has served five prior prison sentences; (2) appellant has not responded favorably to prior sanctions; (3) appellant has a pattern of drug and alcohol abuse related to the offense and refuses to acknowledge that pattern; (4) appellant does not show remorse for the offense; (5) appellant committed the offense as part of an organized criminal activity; (6) the victim's relationship with appellant facilitated the offense; (7) the victim of the offense died as a result; and (8) the offense was committed under circumstances unlikely to recur. This appeal followed.
 {¶ 4} In his sole assignment of error, appellant asserts that the trial court erred by sentencing him to the maximum sentence. He disputes the trial court's R.C. 2929.12 findings that the court cited to support its decision to impose the maximum sentence and argues, contrary to the court's findings, that (1) he showed remorse for the offense; (2) no evidence exists that he committed the offense as part of an organized criminal activity; and (3) no personal relationship existed between the offender and the victim. He further asserts that the court failed to consider that he did not intend to cause physical harm to person or property.
 {¶ 5} Initially, we note that our review is limited to the record transmitted on appeal. Appellant bears the duty of providing all transcripts necessary for full appellate review. See, e.g., Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id.
 {¶ 6} In the case sub judice, the record transmitted on appeal does not contain a sentencing hearing transcript. In the absence of a transcript, we presume the regularity of the trial court proceedings and affirm the sentence. See State v. Rehaut,
Franklin App. No. 02AP-570, 2003-Ohio-884; State v. Ervin,
Shelby App. No. 17-01-14, 2002-Ohio-2177.
 {¶ 7} Furthermore, we find no merit to appellant's assignment of error. Judicial fact-finding is no longer required before a court imposes consecutive or maximum prison terms. See State v.Foster, ___ Ohio St.3d ___, ___ N.E.2d ___, 2006-Ohio-856;State v. Mathis, ___ Ohio St.3d ___, ___ N.E.2d ___,2006-Ohio-855. Instead, the trial court is vested with discretion to impose a prison term within the statutory range. See Mathis,
at ¶ 36. In exercising its discretion, the trial court must "carefully consider the statutes that apply to every felony case [including] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender [and] statutes that are specific to the case itself." Id. at ¶ 37. Thus, post-Foster, "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to `consider' the statutory factors." Foster at ¶ 42.
 {¶ 8} As we observed in State v. Raisley, Ross App. No. 05CA2867, fn.1:
"In Foster (see paragraphs 37-42), the court noted that R.C.2929.12 is a `general guidance statute,' rather than a `Blakely
deficient' statute that mandates `judicial fact-finding.' In other words, R.C. 2929.12 merely requires trial courts to `consider' enumerated statutory factors * * *. Thus, the supreme court explicitly determined that R.C. 2929.12 does not offend theSixth Amendment to the United States Constitution."
 {¶ 9} In the case at bar, it appears that the trial court considered the statutory factors and we find nothing in the record to support appellant's argument that the court's findings are incorrect or that the court somehow misapplied R.C. 2929.12.
 {¶ 10} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, P.J. Kline, J.: Concur in Judgment Opinion.