OPINION
{¶ 1} In the instant appeal, submitted on the record and briefs of the parties, defendant-appellant, David C. Bengal, appeals his judgment entry of sentence of the Lake County Court of Common Pleas, following this court's reversal and remand of his original sentencing judgment pursuant to the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. For the reasons that follow, we affirm the judgment of the lower court.
 {¶ 2} On December 15, 2004, Bengal pled guilty to two counts of Sexual Battery, felonies of the third degree, in violation of R.C.2907.03(A)(1) and two counts of *Page 2 
Gross Sexual Imposition, felonies of the fourth degree, in violation of R.C. 2907.05(A)(1). The charges arose from various acts of sexual contact initiated by Bengal with the teenage babysitter of his two children, who was between 12 and 13 years of age at the time the offenses occurred. The court held his sentencing hearing on February 9, 2005, at which time Bengal was sentenced to a term of four years each on Counts One and Two, the Sexual Battery offenses, and twelve months each on Counts Three and Four, the Gross Sexual Imposition offenses. The trial judge ordered that the sentences for Counts One and Two be served consecutively, while the sentences for the other two counts were to run concurrently with each other, and the Sexual Battery sentences, for a total of eight years in prison.
 {¶ 3} Following this court's order reversing Bengal's original sentence pursuant to Foster, and remanding the matter to the trial court, a second sentencing hearing was held on May 23, 2006. The trial court subsequently entered a second judgment entry on May 31, 2006, again sentencing Bengal to a total term of eight years for the aforementioned offenses.
 {¶ 4} Bengal timely appealed, assigning the following as error for our review:
 {¶ 5} "[1.] The trial court erred when it sentenced the defendant-appellant to more-than-the minimum, consecutive prison terms in violation of the due process and ex-post facto clauses of the Ohio and United States Constitutions.
 {¶ 6} "[2.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of his right to due process.
 {¶ 7} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms based upon the Ohio Supreme Court's severance *Page 3 
of the offending provisions under Foster, which was an act in violation of separation of powers.
 {¶ 8} "[4.] The trial court erred when it sentenced the defendant-appellant to more-than-the minimum, consecutive prison terms contrary to the rule of lenity.
 {¶ 9} "[5.] The trial court erred when it sentenced the defendant-appellant to more-than-the minimum prison terms contrary to the intent of the Ohio Legislators.
 {¶ 10} "[6.] The trial court violated appellants' rights to equal protection and due process of law under the Fifth andFourteenth Amendments to the U.S. Constitution and under Sections 2, 10, and 16, Article I of the Ohio Constitution when it sentenced him contrary to R.C. 2929.11(B)."
 {¶ 11} For ease of discussion, we will consolidate Bengal's first through fifth assignments of error. These assignments of error all challenge the retroactive application of Foster to his second sentencing hearing.
 {¶ 12} The arguments raised by appellant in his assignments of error are identical to those arguments raised and rejected in numerous prior decisions of this court. See State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695; State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 30; State v. Asbury, 11th Dist. No. 2006-L-097, 2007-Ohio-1073, at ¶ 15; State v. Anderson, 11th Dist. No. 2006-L-142, 2007-Ohio-1062, at ¶ 15; State v. Spicuzza, 11th Dist. No. 2006-L-141, 2007-Ohio-783, at ¶¶ 13-35.
 {¶ 13} These same arguments have also been consistently rejected by other Ohio appellate districts and federal courts. See State v.Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v. Moore, 3rd Dist. No. 1-06-51, 2006-Ohio-6860, at ¶ 9; *Page 4 United States v. Portillo-Quezada (C.A.10 2006), 469 F.3d 1345,1354-1356, and the cases cited therein.
 {¶ 14} For these reasons, Bengal's first through fifth assignments of error are without merit.
 {¶ 15} In his sixth assignment of error, Bengal argues that the court violated his constitutional rights by imposing a sentence which is not consistent with those imposed upon similarly situated criminal defendants committing similar crimes, as required by R.C. 2929.11(B). We disagree.
 {¶ 16} The overriding purposes of felony sentencing in Ohio "are to protect the public from future crime by the offender * * * and to punish the offender." R.C. 2929.11(A). In addition to being consistent with other sentences imposed for similar crimes, a felony sentence must be "reasonably calculated" to achieve the overriding purposes of felony sentencing and be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim." R.C. 2929.11(B).
 {¶ 17} The statutory range of prison terms for felonies of the third degree is one to five years, whereas the statutory range of prison terms for felonies of the fourth degree is six to eighteen months. R.C.2929.14(A)(3) and (4). In the instant matter, the sentences imposed were within the respective statutory ranges. As a general rule, sentences that fall within the statutory range do not violate the constitutional provision regarding excessive punishments. State v. Gladding (1990), 66 Ohio App.3d 502, 513, citing McDougle v. Maxwell (1964),1 Ohio St.2d 68, 69.
 {¶ 18} Furthermore "it is not the trial court's responsibility to research prior sentences from undefined, and largely unavailable, databases before reaching its sentencing decision." State v. Quine, 9th Dist. No. 20968, 2002-Ohio-6987, at ¶ 12. *Page 5 
"Thus, the only way for Appellant to demonstrate that his sentence was "inconsistent" * * * is if he establishes that the trial court failed to * * * consider the * * * guidelines contained in [Ohio's sentencing statutes]." Id. at ¶ 13.
 {¶ 19} This court has stated that, although "a trial court is required to engage in the analysis set forth by R.C. 2929.11(B) to ensure the consistency of sentences," a court is not required "to make specific findings on the record" in this regard. State v. Newman, 11th Dist. No. 2002-A-0007. 2003-Ohio-2916, at ¶ 10. Moreover, a trial court possesses "broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines."State v. Smith (Jun. 11, 1999), 11th Dist. No. 98-P-0018, 1999 Ohio App. LEXIS 2632, at *8.
 {¶ 20} Our review of the sentencing transcript indicates that the trial court considered the relevant sentencing guidelines prior to imposing Bengal's sentence. Since Bengal's sentence falls within the statutory ranges, we cannot conclude the trial court abused its discretion by imposing a sentence on him which is inconsistent with similarly situated offenders.
 {¶ 21} Bengal's sixth assignment of error is without merit.
 {¶ 22} Based upon the aforementioned analysis, we affirm the judgment of the Lake County Court of Common Pleas.
CYNTHIA WESTCOTT RICE, P.J., concurs,
COLLEEN MARY OTOOLE, J., concurs in judgment only with a Concurring Opinion. *Page 6