[Cite as *State v. Cook*, 2012-Ohio-1555.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-COA-023 |
| EMILY A. COOK | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Ashland County
                            Court of Common Pleas, Case No. 09-CRI-
                            088

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     April 3, 2012


APPEARANCES:


For Plaintiff-Appellee                For Defendant-Appellant


RAMONA FRANCESCONI ROGERS
Ashland County Prosecutor
ANDREW N. BUSH                        TIMOTHY E. POTTS
Assistant Prosecuting Attorney        GOOD & POTTS
110 Cottage Street                    10 East Main Street
Ashland, OH  44805                    Ashland, OH 44805

*Gwin, P.J.*

{1} On December 2009, appellant Emily A. Cook entered negotiated pleas to: (1) attempt (illegal manufacture of drugs), in violation of R.C. 2923.02(A) and 2925.04(A), a felony of the third degree; and (2) possessing criminal tools, in violation of R.C.2923.24(A), a felony of the fifth degree.

{2} At sentencing, the trial court, after considering the provisions of R.C. Chapter 2929, the circumstances of the offenses committed, the information contained in the pre-sentence investigation, and the information furnished by the parties to the case, primarily sentenced Cook to the following: (1) Count I, attempt (illegal manufacture of drugs), a felony of the third degree, one hundred eighty (180) days in the Ashland County Jail with permission to participate in the Work Release Program so that Cook may obtain and maintain employment; probation supervision through the Adult Parole Authority for two (2) years, with the first three (3) months being intensive supervision; eighty (80) hours of community service; treatment at the Ashland County Council on Alcoholism and Drug Abuse (ACCADA); random drug and alcohol monitoring/testing; a fine of Five Thousand Dollars ($5,000.00) plus court costs; and suspension of Cook's operator's license for two (2) years; and (2) as to Count II, possessing criminal tools, a felony of the fifth degree, one hundred eighty (180) days in the Ashland County Jail, to be served concurrently to the jail sentence set forth in Count I.

{3} In addition, the trial court ordered that if Cook violated the conditions of sentencing she would be ordered to serve two (2) years in prison with regard to the attempt (illegal manufacture of drugs) offense, and twelve (12) months in prison with

regard to the possessing criminal tools offense. The trial court reserved jurisdiction to make specific findings and orders concerning whether, if imposed, the prison terms would be served concurrently or consecutively to one another.

{4} In May 2010, Cook was alleged to have violated the terms and conditions of her community control, specifically, that she used Soboxone, a prescription medication that was not lawfully prescribed to her. After considering the purposes and principles of felony sentencing and information furnished to the trial court at the sanctions hearing, the trial court ordered that: (1) Cook remain on community control; (2) Cook should be screened for the CROSSWAEH Community Correctional Facility; and (3) Cook should continue to attend a drug abuse program while at the Ashland County Jail.

{5} In April 2011, Cook was again alleged to have violated the terms and conditions of her community control. In May 2011, Cook stipulated that she had violated the conditions of his community control. The Court accepted appellant's admission and pleas of guilty and found her to be in violation of the terms and conditions of her community control. The trial court set the matter for sentencing in June 2011.

{6} At the June 2011 sentencing hearing, after hearing statements from Cook and her legal counsel, the trial court noted that (1) Cook has been a frequent visitor to the court, because of her frequent, legitimate requests for driving privileges and her community control violations; and (2) Cook completed the CROSSWAEH program, but tested positive for drugs shortly thereafter. As a result, the trial court determined that Cook was no longer amenable to community control. In addition, based on her conduct while on community control, the nature of the community control violations, and her

criminal history, the trial court determined that concurrent prison sentences were not adequate to reflect the seriousness of Cook's conduct or to protect the public. The trial court sentenced Cook on Count I, attempt (illegal manufacture of drugs), two (2) years in prison; Count II, possessing criminal tools, twelve (12) months in prison, to be served consecutively to the prison sentence set forth for Count I; and (3) court costs. The trial court further ordered that Cook receive credit for the two hundred seventy-four (274) days she spent in Ashland County Jail.

{7}     Cook has timely appealed raising two assignments of error:

{8}     "I. THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, ERRED BY NOT CORRECTLY CALCULATING DEFENDANT'S/APPELLANT'S JAIL TIME CREDIT IN ACCORDANCE WITH OHIO REVISED CODE SECTION 2967.191, THEREFORE, IN VIOLATION OF DEFENDANT'S/APPELLANT'S FOURTEENTH AMENDMENT RIGHT TO EQUAL PROTECTION OF THE LAWS.

{9}     "II. THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, IMPOSED CONSECUTIVE SENTENCES UPON DEFENDANT/APPELLANT PURSUANT TO OHIO REVISED CODE SECTION 2929.14(E)(4); SAID CONSECUTIVE SENTENCES WERE CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND/OR AN ABUSE OF THE TRIAL COURT'S DISCRETION."

I.

{10}     Cook argues that the trial Court did not give her proper jail time credit for time spent at CROSSWAEH, a community correctional facility. We disagree.

{11}     At the March 22, 2010 sentencing, the trial court sentenced Cook to 180 days in jail. (Sent. T. March 22, 2010 at 16). By Judgment Entry filed June 24, 2010 the

trial court ordered Cook be transported to begin the CROSSWAEH program on June 29, 2010. By Judgment Entry filed March 25, 2011, which granted Cook limited driving privileges, the trial court noted that Cook completed the CROSSWAEH program on December 10, 2010. Thus, between June 29, 2010 and December 10, 2010, Cook spent 165 days in the CROSSWAEH program. By Judgment Entry filed June 30, 2011, the trial court granted Cook 270 days of jail credit.

{12} Clearly, Cook did in fact receive credit for both the time she had spent in the Ashland County Jail and her time in the CROSSWAEH program.

{13} Cook's first assignment of error is overruled.

II.

{14} Cook argues in her second assignment of error that the trial court's consecutive sentence was either contrary to law or was an abuse of discretion.

{15} Recently in *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Ohio Supreme Court reviewed its decision in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 as it relates to the remaining sentencing statutes and appellate review of felony sentencing. See, *State v. Snyder,* 5th Dist. No. 2008-CA-25, 2080-Ohio-6709, 2008 WL 5265826.

{16} In *Kalish,* the Court discussed the affect of the *Foster* decision on felony sentencing. The Court stated that, in *Foster,* the Ohio Supreme Court severed the judicial fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and 11, 896 N.E.2d 124, citing *Foster* at ¶ 100,

See also, *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306; *State v. Firouzmandi,* 5th Dist. No. 2006-CA-41, 2006-Ohio-5823, 2006 WL 3185175.

**{17}** In *Kalish,* the Court discussed the affect of the *Foster* decision on felony sentencing. The Court stated that, in *Foster,* the Ohio Supreme Court severed the judicial fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and 11, 896 N.E.2d 124, citing *Foster* at ¶ 100, See also, *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306; *State v. Firouzmandi,* supra.

**{18}** "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶ 13, see also *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1; *State v. Firouzmandi,* supra at ¶ 29.

**{19}** "Thus, despite the fact that R.C. 2953.08(G)(2) refers to the excised judicial fact-finding portions of the sentencing scheme, an appellate court remains precluded from using an abuse-of-discretion standard of review when *initially* reviewing a defendant's sentence. Instead, the appellate court must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." *Kalish* at ¶ 14.

**{20}** Therefore, *Kalish* holds that, in reviewing felony sentences and applying *Foster* to the remaining sentencing statutes, the appellate courts must use a two-step approach. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment shall be reviewed under an abuse of discretion standard." *Kalish* at ¶ 4, *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

**{21}** The Supreme Court held, in *Kalish,* that the trial court's sentencing decision was not contrary to law. "The trial court expressly stated that it considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12. Moreover, it properly applied post-release control, and the sentence was within the permissible range. Accordingly, the sentence is not clearly and convincingly contrary to law." *Kalish* at ¶ 18. The Court further held that the trial court "gave careful and substantial deliberation to the relevant statutory considerations" and that there was "nothing in the record to suggest that the court's decision was unreasonable, arbitrary, or unconscionable." *Kalish* at ¶ 20.

**{22}** In the case at bar, Cook was convicted of a felony of the third degree and a felony of the fifth degree. For a violation of a felony of the third degree, the potential sentence that a court can impose is one, two, three, four or five years. For a violation of a felony of the fifth degree, the potential sentence that a court can impose is six, seven, eight, nine, ten, eleven, or twelve months. Cook was sentenced to a period of two years

for the felony of the third degree and a period of 12 months for the felony of the fifth degree.

{23}     Upon review, we find that the trial court's sentencing on the charge complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Furthermore, the record reflects and appellant agrees that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised appellant regarding post-release control. Therefore, the sentence is not clearly and convincingly contrary to law.

{24}     Having determined that the sentence is not contrary to law we must now review the sentence pursuant to an abuse of discretion standard. *Kalish* at ¶ 4; *State v. Firouzmandi,* supra at ¶ 40. In reviewing the record, we find that the trial court gave careful and substantial deliberation to the relevant statutory considerations.

{25}     Under Ohio law, judicial fact-finding is no longer required before a court imposes consecutive or maximum prison terms. See *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470; *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1. Instead, the trial court is vested with discretion to impose a prison term within the statutory range. See *Mathis,* at ¶ 36. In exercising its discretion, the trial court must "carefully consider the statutes that apply to every felony case [including] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender [and] statutes that are specific to the case itself." Id. at ¶ 37, 846 N.E.2d 1. Thus, post-*Foster,* "there is no mandate for judicial fact-finding in the general

guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter,* 5th Dist. No. 2006-CA-0025, 2006-Ohio-4061, 2006 WL 2257068; *State v. Delong,* 4th Dist. No. 05CA815, 2006-Ohio-2753, 2006 WL 2257068, ¶ 7-8. Therefore, post-*Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions.

{26} There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick* (1995), 101 Ohio App.3d 428, 431, 655 N.E.2d 820, (4th Dist.); *State v. Gant,* 7th Dist. No. 04 MA 252, 2006-Ohio-1469, 2006 WL 771790, ¶ 60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992); *State v. Hughes,* 6th Dist. No. WD-05-024, 2005-Ohio-6405, 2005 WL 3254527, ¶ 10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case).

{27} Where the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation. Where the record adequately justifies the sentence imposed, the court need not recite its reasons. *State v. Middleton*, 8th Dist. No. 51545, 1987 WL 5476 (Jan. 15, 1987). In other words, an appellate court may review the record to determine whether the trial court failed to consider the appropriate sentencing factors. *State v. Firouzmandi,* supra at ¶ 52.

{28} Accordingly, appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing factors. *Cincinnati v. Clardy*, 57 Ohio App.2d 153, 385 N.E.2d 1342 (1st Dist. 1978). An "abuse of discretion" has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. *Woosley v. United States*, 478 F.2d 139, 147 (8th Cir. 1973). The imposition by a trial judge of a sentence on a mechanical, predetermined or policy basis is subject to review. *Woosley,* supra at 143-145. Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate courts can reverse the sentence. *Woosley,* supra at 147. This by no means is an exhaustive or exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of sentence in a particular case. *State v. Firouzmandi,* supra.

{29} In the case at bar, there is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor. We find nothing in the record of appellant's case to suggest that her sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment.

{30} In the case at bar, the trial court conducted a sentencing hearing in open court. Cook concedes that the trial court considered statements from her and her legal counsel; the overriding purposes of felony sentencing; the statutory factors set forth in

R.C. 2929.12 and 2929.13; the Pre-Sentence Investigation report, which indicated that appellant had a prior criminal history, and had a history of substance abuse; had been previously violated in the present case and granted the opportunity for in-house treatment; and the seriousness and recidivism factors, before deciding on a prison term.

**{31}** It appears to this Court that the trial court's statements at the sentencing hearing were guided by the overriding purposes of felony sentencing to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11.

**{32}** Based on the record, the transcript of the sentencing hearing and the subsequent judgment entry, this Court cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably, or that the trial court violated Cook's rights to due process under the Ohio and United States Constitutions in its sentencing appellant. Further, the sentence in this case is not so grossly disproportionate to the offense as to shock the sense of justice in the community.

**{33}** Further the Supreme Court of Ohio held in *State v. Hodge,* 128 Ohio St.3d 1, 2010–Ohio–6320,

> For all the foregoing reasons, we hold that the decision of the United States Supreme Court in *Oregon v. Ice* does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster.* Because the statutory provisions are not revived, trial court judges are not obligated to engage in judicial fact-finding prior

to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made.

The trial court in this case did not err in imposing consecutive sentences without applying R.C. 2929.14(E)(4) and 2929.41(A), and defendants such as Hodge who were sentenced without application of the statutes are not entitled to resentencing.

**{34}** Id. at ¶ 39-40. See, *State v. Fry*, 5th Dist. No. 10CAA090068, 2011-Ohio-2022 at ¶ 16-17.

**{35}** Upon review, we find neither error as a matter of law in the trial court sentencing Cook to consecutive sentences nor any abuse of discretion.

**{36}** Cook's second assignment of error is overruled.

**{37}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Ashland County, Ohio, is affirmed.

By Gwin, P.J.,

Wise, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE


_____
HON. JULIE A. EDWARDS

WSG:clw 0326

[Cite as *State v. Cook*, 2012-Ohio-1555.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
          Plaintiff-Appellee           :
                                       :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
EMILY A. COOK                          :
                                       :
                                       :
          Defendant-Appellant          :          CASE NO. 2011-COA-023


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Ashland County, Ohio, is affirmed. Costs to appellant.


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE


_____
HON. JULIE A. EDWARDS