[Cite as *State v. Price*, 2017-Ohio-1245.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, Jr., J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 16-COA-039 |
| MATTHEW N. PRICE | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal appeal from the Ashland County
                                 Court of Common Pleas, Case No.15-CRI-
                                 196


JUDGMENT:                        Affirmed


DATE OF JUDGMENT ENTRY:          April 3, 2017


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER BALLARD                       KENNETH LEWIS
ASHLAND COUNTY PROSECUTOR                 1220 West 6th Street, Ste. 502
CHRISTOPHER TUNNELL                       Cleveland, OH 44113
ASSISTANT PROSECUTOR
110 Cottage Street, 3rd Floor
Ashland, OH 44805

*Gwin, P.J.*

{¶1} Appellant Matthew N. Price ["Price"] appeals his convictions and sentences after a negotiated guilty plea in the Ashland County Court of Common Pleas to four counts of child endangering.

*Facts and Procedural History*

{¶2} On July 22, 2016, Price entered pleas of guilty to four counts of Endangering Children, in violation of R.C. 2919.22(B)(1) — (B)(4), three of the counts were felonies of the second degree, and one count was a felony of the third degree.

{¶3} As part of the plea agreement, the state agreed to leave sentencing to the discretion of the trial court. The parties agreed that the counts would merge for sentencing purposes.

{¶4} Sentencing was held on September 9, 2016, with the state electing to proceed on count four, Endangering Children in violation of R.C. 2919.22(B)(2), a felony of the second degree. The trial court sentenced Price to five years of imprisonment and a $5,000.00 fine, minus 315 days of local jail-credit and any further time pending his delivery to the Ohio Department of Rehabilitation and Corrections for placement.

*Assignment of Error*

{¶5} Price raises one assignment of error,

{¶6} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SENTENCING THE APPELLANT TOO HARSHLY".

*Law and Analysis*

{¶7} In his sole assignment of error, Price argues that the sentence imposed by the trial court is contrary to law under R.C. 2953.08(A)(4) because the court did not

properly weigh the sentencing factors.

{¶8} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum,* 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that ***either*** *the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I),* ***or*** *the sentence is otherwise contrary to law.* See, also, *State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28.

{¶9} Accordingly, pursuant to *Marcum* this Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, or (2) the sentence is otherwise contrary to law.

{¶10} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* 161 Ohio St. at 477 120 N.E.2d 118.

### R.C. 2929.13(B) and R.C. 2929.13(D).

{¶11} R.C. 2929.13(B) applies to one convicted of a fourth or fifth degree felony.

Price plead guilty to a felony of the second degree. Thus, R.C. 2929.13(B) is not applicable to this case.

{¶12} R.C. 2929.13(D) (1) provides that when sentencing for a first or second-degree felony "it is presumed that a prison sentence is necessary in order to comply with the purposes and principles of sentencing." Nonetheless, R.C. 2929.13(D)(2) provides that "[n]otwithstanding the presumption * * * the sentencing court *may* impose a community control sanction," (emphasis added), but only if the sentencing court finds that a community control sanction would (1) adequately punish the offender and protect the public from future crime, and (2) not demean the seriousness of the offense because the statutory less serious sentencing factors outweigh the more serious factors.

{¶13} Thus, in order to impose a community control sanction in the instant case, the trial court would have been required to find that such a sanction would adequately punish Price, that Price was less likely to re-offend, and that such a sanction would not demean the seriousness of the offense because Price's conduct was less serious than conduct normally constituting the offense. *State v. Morin*, 5th Dist. Fairfield No. 2008–CA–10, 2008-Ohio-6707, 2008 WL 5265857, ¶ 27.

{¶14} In the case at bar, the trial court stated,

Considering all of the information that the Court has received on behalf of the victim as well as the offender and the PSI Report information which indicates a low ORAS Score in terms of risk of reoffending, I don't know how you gage that in this type of a case, but in consideration of all of those factors and the seriousness of the offense in this matter, and its impact on the victim and the position that you have as a parent of that child

to provide a protected environment and to shelter that child from that type of danger, and I am finding that a prison sentence in the low half of the sentencing range for the Count 4 offense would demean the seriousness of the offense. I don't necessarily agree with the State that 6 to 8 is appropriate, but think that the higher half is, and just for the Record it was mentioned at the Plea Agreement stipulated by the parties that the Court is not imposing a Sentence for Counts 1, 2 or 3 in this case, but those offenses merging with Count 4 for purposes of Sentencing today and having been previously stipulated that the State elected to proceed with Sentencing on Count 4.

Sentencing Transcript, Sept. 9, 2016 at 20-21. Clearly, the trial court found that a shorter sentence would demean the seriousness of the offense and the conduct was more seriousness due to Price's parental position.

### *R.C. 2929.14.*

{¶15} R.C. 2929.14(B)(2)(e) concerns additional prison sentences that a trial court can impose upon a defendant under specified circumstances. Price was not given an additional prison sentence.

{¶16} R.C. 2929.14(C)(4) concerns the imposition of consecutive sentences. The trial court merged the four counts of child endangering prior to sentencing in the case at bar.

### *R.C. 2929.20.*

{¶17} R.C. 2929.20 (I) is inapplicable, as Price was not applying to the court for judicial release.

**R.C. 2929.11 and R.C. 2929.12.**

**{¶18}** The *Marcum* court further noted,

> We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence *that is not clearly and convincingly contrary to law* only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

146 Ohio St.3d at ¶23, 2016–Ohio–1002, 59 N.E.3d 1231 (emphasis added).

**{¶19}** R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶20}** R.C. 2929.12 sets forth the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. The statute provides a non-exhaustive list of factors a trial court must consider when determining the

seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶21} In *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the court discussed the effect of the *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 decision on felony sentencing. The court stated that in *Foster* the Court severed the judicial-fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and ¶11, *citing Foster* at ¶100, *See also, State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306; *State v. Firouzmandi*, 5th Dist. Licking No. 2006-CA-41, 2006-Ohio-5823.

{¶22} "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶13, *see also State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1; *State v. Firouzmandi supra* at ¶ 29.

{¶23} Thus, post-*Foster*, "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter*, 5th Dist. No. 2006-CA-0025, 2006-Ohio-4061; *State v. Delong*, 4th Dist. No. 05CA815, 2006-Ohio-2753 at ¶ 7-8. Therefore, post-*Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions.

{¶24} There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism

or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431(4th Dist. 1995); *State v. Gant,* 7th Dist. No. 04 MA 252, 2006-Ohio-1469, at ¶60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992); *State v. Hughes,* 6th Dist. No. WD-05-024, 2005-Ohio-6405, ¶10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods,* 5th Dist. No. 05 CA 46, 2006-Ohio-1342, ¶19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).

{¶25} In the case at bar, the trial court stated,

THE COURT: Mr. Price, when imposing sentence the Court must comply with the purposes and principles of Ohio Sentencing Statues and the overriding purposes are to punishes [sic.] the offender and protect the public from future crime by the offender and others using the minimum sanctions that the Court determines accomplishes those purposes without imposing an unnecessary burden on state or local government resources. The Court must also consider the need for incapacitation, deterrence, rehabilitation, restitution.

Any sentence imposed by the Court should also be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on any victim.

And it should also be consistent with sentences for similar crimes by

similar offenders. The Court cannot sentence based on an Offender's race ethnicity, gender or religion.

Sentencing Transcript, Sept. 9, 2016 at 20. Accordingly, the trial court had considered the purposes and principles of sentencing [R.C. 2929.11] as well as the factors that the court must consider when determining an appropriate sentence. [R.C. 2929.12]. The trial court has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry. The record contains the statements of counsel, Price's allocution and Price's witnesses in his support, the interview of the child victim, the child's biological mother and the pre-sentence investigation report.

{¶26} Price was sentenced for a felony of the second degree. The sentencing range for a second-degree felony is two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2). Price was given a sentence of five years, which is within the statutory range.

{¶27} Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised Price regarding post release control. Upon a thorough review, we find the record clearly and convincing supports the sentence imposed by the trial court.

{¶28} We find the trial court properly considered the purposes and principles of

sentencing set forth in R.C. 2929.11, as well as the applicable factors set forth in R.C. 2929.12, along with all other relevant factors and circumstances. While Price may disagree with the weight given to these factors by the trial judge, Price's sentence was within the applicable statutory range for a felony of the second degree and therefore, we have no basis for concluding that it is contrary to law.

{¶29} Price's sole assignment of error is overruled.

{¶30} The judgment of the Ashland County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Baldwin, J., and

Wise, Earle, J., concur