[Cite as *State v. McAndrew*, 2017-Ohio-8993.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 17-COA-015 |
| CHRISTOPHER T. McANDREW | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:             Criminal appeal from the Ashland County
                                     Court of Common Pleas, Case No.16-CRI-
                                     237

JUDGMENT:                            Affirmed


DATE OF JUDGMENT ENTRY:              December 11, 2017


APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

CHRISTOPHER R. TUNNELL               BRIAN A. SMITH
Prosecuting Attorney                 755 White Pond Drive, Suite 403
110 Cottage Street                   Akron, OH 44320
Ashland, OH 44805

*Gwin, P.J.*

{¶1} Appellant Christopher T. McAndrew ["McAndrew"] appeals from the May 15, 2017 sentencing entry of the Ashland County Court of Common Pleas.

*Facts and Procedural History*

{¶2} On January 12, 2017, McAndrew was indicted on one count of abduction, a felony of the third degree in violation of R.C. 2905.02(A)(2) and one count of domestic violence, a felony of the fourth degree in violation of R.C. 2919.25(A).

{¶3} On March 9, 2017, McAndrew pleaded guilty to the count of domestic violence contained in the indictment, in exchange for McAndrew's plea, the state moved to dismiss the abduction charge.

{¶4} On May 15, 2017, the trial court sentenced McAndrew to six months' imprisonment on the domestic violence charge, and to a total of 1,264 days imprisonment to run consecutively with McAndrew's sentence on the domestic violence charge. This represented the balance of McAndrew's remaining time on post-release control from an earlier case, Ashland County Court of Common Pleas case number 14-CRI-024.

*Assignment of Error*

{¶5} McAndrew raises one assignment of error,

{¶6} "I. APPELLANT'S SENTENCE WAS NOT SUPPORTED BY THE RECORD."

*Law and Analysis*

{¶7} When an offender pleads guilty to a new felony offense while on post-release control, R.C. 2929.141 provides,

(A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

(2) Impose a sanction under sections 2929.15 to 2929.18 of the Revised Code for the violation that shall be served concurrently or consecutively, as specified by the court, with any community control sanctions for the new felony.

{¶8} R.C. 2929.141(A)(1) mandates that the sentence for violating post-release control is required to be served consecutive to any sentence imposed for the new felony.

R.C. 2929.141 mandates the imposition of consecutive sentences without reference to the R.C. 2929.14(C)(4) consecutive sentencing factors, thereby indicating that a trial court is not required to make any findings before terminating post-release control and imposing a specific prison sentence for the violation. In *State v. Gregory* this Court observed,

> This statute clearly and unambiguously required the trial court to order that appellant's sentence for the post-release control violation be served consecutively with the sentence on the new felony. The statute mandates imposition of consecutive sentences without reference to the R.C. 2929.14(E)(4) consecutive factors which were found unconstitutional in *Foster*. R.C. 2929.141(B) usurps the trial court's discretion to sentence appellant to anything but consecutive sentences. Simply stated, the unconstitutional consecutive factors in R.C. 2929.14(E)(4) have no application to the present instance, where the trial court sentenced appellant for a new felony violation, and then proceeded to sentence him for a post-release control violation.

5th Dist. Muskingum No. CT2014-0046, 2015-Ohio-2642, ¶10, *quoting, State v. Proctor,* 12th Dist. Butler Nos. CA2006–03–042, CA2006–03–043, 2007–Ohio– 909(citations omitted).

**{¶9}** In *State v. Gilbert,* the court observed,

> Under R.C. 2929.141(A)(1), a trial court is authorized to terminate post-release control and impose a sentence representing the time remaining on his term of post-release control. *State v. Barron*, 2d Dist. Montgomery No. 25059, 2012–Ohio–5787, ¶16. Only the trial court itself

may make the decision to sentence for a post-release control violation. *State v. Branham*, 2d Dist. Clark No. 2013–CA–49, 2014–Ohio–5067. Once the court decides to impose a sentence for such a violation, it is bound by R.C. 2929.141 when determining the time to be served. Id. The court is not required by the statute to make any findings prior to terminating post-release control. *Barron* at ¶ 16. The court also is not required to explain or justify why it has elected to impose a prison sentence for the violation. Id.

The Supreme Court of Ohio recently held that pursuant to the plain language of R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, Ohio Sup.Ct. Slip Opinion No. 2016–Ohio–1002, ¶ 1.

2nd Dist. Clark No. 2015-CA-117, 2016-Ohio-5539, ¶9-10.

{¶10} The *Marcum* court further noted,

We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence *that is not clearly and convincingly contrary to law* only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

*Marcum,* 146 Ohio St.3d at ¶23, 2016–Ohio–1002, 59 N.E.3d 1231 (emphasis added).

{¶11} R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶12} R.C. 2929.12 sets forth the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. The statute provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶13} In *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the court discussed the effect of the *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 decision on felony sentencing. The court stated that in *Foster* the Court severed the judicial-fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and ¶11, *citing Foster* at ¶100, *See also, State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306; *State v. Firouzmandi*, 5th Dist. Licking No. 2006-CA-41, 2006-Ohio-5823.

{¶14} "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶13, *see also State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1; *State v. Firouzmandi supra* at ¶ 29.

{¶15} Thus, post-*Foster*, "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter*, 5th Dist. No. 2006-CA-0025, 2006-Ohio-4061; *State v. Delong*, 4th Dist. No. 05CA815, 2006-Ohio-2753 at ¶ 7-8. Therefore, post-*Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions.

{¶16} There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431(4th Dist. 1995); *State v. Gant,* 7th Dist. No. 04 MA 252, 2006-Ohio-1469, at ¶60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992); *State v. Hughes,* 6th Dist. No. WD-05-024, 2005-Ohio-6405, ¶10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods,* 5th Dist. No. 05 CA 46, 2006-Ohio-1342, ¶19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).

**{¶17}** In the case at bar, the trial court found,

The Record should also reflect that the Court has received and reviewed a Pre-Sentence Investigation Report and has made that document available to Counsel for their review prior to going on the Record.

* * *

Mr. McAndrew, when imposing sentence the Court must comply with the purposes and principles of Ohio Sentencing Statutes. The overriding purpose is to punish the offender and protect the public from future crimes by the offender and others using minimum sanctions that the Court determines accomplishes those purposes without imposing an unnecessary burden on State or Local Government resources.

The Court must also consider the need for incapacitation, deterrence, rehabilitation and restitution, and any sentence imposed by the Court should also be commensurate with and not demeaning to the seriousness of an offender's conduct and its impact on any victim, and it should being consistent with sentences for similar crimes by similar offenders.

The Court cannot sentence based on an offender's race, ethnicity, gender or religion. Obviously, you don't have the greatest criminal record here, Mr. McAndrew, and you've got a lot of offenses that have some form of offense – violence associated with them, as well as others that are substance-abuse related and so on.

Because this is an F-4 level offense, you won't be subject to any

mandatory Post-Release Control, even though it was a violent assault, and I guess that is the nature of the Plea Agreement here, it keeps you off mandatory Post-Release Control following any prison term that the Court is imposing in this case.

Also, based on my computation having been placed on Post-Release Control October 15, 2015, as of today you should have served roughly 560 days of that Post-Release Control Supervision, leaving you with 1,264 days left on Post-Release Control Supervision or roughly 3.46 years, just under three and a half years.

Based on the nature of this offense, the offense of violence, I am finding that you are not amenable to a Community Control Sanction, and also am finding that it's appropriate since you were on Post-Release Control Supervision that your Post-Release Control Supervision be revoked and that the full amount of the Post-Release Control time be imposed consecutive to any additional prison sentence that the Court is imposing on Count 2.

It's going to be the Order of the Court with regard to that Count 2 offense, Domestic Violence, in violation of Section 2919.25(a), a Felony of the 4th Degree, that you serve six months in prison under the supervision of the Department of Rehabilitation and Corrections, and your Post-Release Control time will be served consecutive to that. So you will serve the six months, and then the 1,264 days consecutive to that, so you are looking at a grand total of just a hair over four years in the aggregate.

Sent. T. May 15, 2017 at 3; 5-8.

{¶18} R.C. 2929.141 expressly authorizes the prison sentence imposed by the trial court for McAndrew's post-release control violation; therefore, the sentence is not clearly and convincingly contrary to law. Accordingly, this court may vacate the sentence and remand the matter for resentencing only if there is clear and convincing evidence that the record does not support the sentence imposed by the trial court. We cannot say that is the case here, as there is no evidence that the record does not support the sentence. We again note that McAndrew has an extensive criminal history, a high risk of recidivism, and that he committed his most recent offense while he was already on community control. There is no clear and convincing evidence that the record does not support the sentence.

{¶19} McAndrew's sole assignment of error is overruled.

{¶20}  The judgment of the Ashland County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Wise, John, J., and

Baldwin, J., concur