[Cite as *State v. McVay*, 2019-Ohio-3699.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                        |   | JUDGES:                     |
|------------------------|---|-----------------------------|
| STATE OF OHIO          | : | Hon. W. Scott Gwin, P.J.    |
|                        | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee     | : | Hon. John W. Wise, J.       |
|                        | : |                             |
| -vs-                   | : |                             |
|                        | : | Case No. 2018CA0007         |
| MICHAEL H. MCVAY II    | : |                             |
|                        | : |                             |
| Defendant-Appellant    | : | OPINION                     |

CHARACTER OF PROCEEDING:    Criminal appeal from the Coshocton County
                            Court of Common Pleas, Case No.
                            17CR136

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     September 12, 2019

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JASON W. GIVEN                          RICHARD E. MAYHALL
Coshocton County Prosecuting Attorney   20 S. Limestone St. Suite 120
318 Chestnut Street                     Springfield, OH 45502
Coshocton, OH 43812

*Gwin, P.J.*

{¶1} Defendant-appellant Michael H. McVay, II ["McVay"] appeals the imposition of consecutive sentences after his guilty plea in the Coshocton County Court of Common Pleas.

*Facts and Procedural History*

{¶2} McVay pled guilty to two counts of Unlawful Sexual Conduct with a Minor in violation of R.C. 2907.04(A), felonies of the third degree. Both counts involved the same victim ("N.K.M.H."). N.K.M.H. was 14 years old and McVay was 27 years old at the time of the offenses.

{¶3} At the sentencing hearing, McVay called four church witnesses. Mickey Humphrey was McVay's boss and testified to his excellent work ethics as an employee. William Buxton testified that he attended the same church as McVay and found him to be "a very hard worker, very dedicated, and very concerned about the community." Sheila Knapp testified that she was McVay's best friend and McVay had told her what he had done was "horrible." Finally , Mark Granger testified that he was McVay's pastor and that he had known the family for twenty years, Granger expressed that McVay had committed a "great sin' but that he was "repentant."

{¶4} The court sentenced McVay to a twenty-four month term of incarceration for count one and a forty-eight month term of incarceration for count two. The court ordered the sentences to be served consecutively for an aggregate sentence of 72 months.

*Assignments of Error*

{¶5} McVay raises two assignments of error:

{¶6} "I. BECAUSE THE TRIAL COURT FAILED TO MAKE THE REQUIRED FINDINGS OF FACT AT THE SENTENCING HEARING, THE CONSECUTIVE SENTENCES IMPOSED ON APPELLANT ARE CONTRARY TO LAW.

{¶7} "II. BECAUSE THE RECORD CLEARLY AND CONVINCINGLY DOES NOT SUPPORT THE TRIAL COURT'S FINDINGS USED TO JUSTIFY THE IMPOSITION OF CONSECUTIVE SENTENCES, THE SENTENCE SHOULD BE VACATED."

*Law and Analysis*

**STANDARD OF APPELLATE REVIEW.**

{¶8} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that *either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.* See, also, State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28.

{¶9} Accordingly, pursuant to *Marcum* this Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, *or* (2) the sentence is otherwise contrary to law.

{¶10} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."

*Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb*, 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477 120 N.E.2d 118.

**ISSUE FOR APPEAL.**

*A. Whether the trial court properly imposed consecutive sentences in McVay's case.*

**R.C. 2929.14 (C)(4) Consecutive Sentences.**

**{¶11}** R.C. 2929.14(C)(4) concerns the imposition of consecutive sentences. In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A). The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C) (4). *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶23. This statute requires the trial court to undertake a three-part analysis. *State v. Alexander,* 1st Dist. Hamilton Nos. C–110828 and C–110829, 2012-Ohio-3349, 2012 WL 3055158, ¶ 15.

**{¶12}** R.C. 2929.14(C)(4) provides,

> If multiple prison terms are imposed on an offender for convictions of
> multiple offenses, the court may require the offender to serve the prison
> terms consecutively if the court finds that the consecutive service is
> necessary to protect the public from future crime or to punish the offender
> and that consecutive sentences are not disproportionate to the seriousness

of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶13} Thus, in order for a trial court to impose consecutive sentences the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. The court must also find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public. Finally, the court must make at least one of three additional findings, which include that (a) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under post-release control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two

or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See, State v. White*, 5th Dist. Perry No. 12-CA-00018, 2013-Ohio-2058, ¶36.

{¶14} In this case, the record does support a conclusion that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences.

**R.C. 2929.14(C)(4): [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.**

{¶15} In the case at bar, the trial court made this finding on the record and in its sentencing entry. Sent. T. at 32-33; *Judgment Entry on Sentencing*, filed May 4, 2018.

**R.C. 2929.14(C)(4)(a): The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

{¶16} This provision does not apply to McVay's case.

**R.C. 2929.14(C)(4)(b): At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison**

**term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

{¶17} In the case at bar, the parents of N.K.M.H. provided the court with victim impact through a previously prepared written statement. They chose to remain silent at the sentencing hearing. The trial court further considered the Pre-Sentence Investigation Report, the witnesses presented by McVay and the arguments of counsel.

{¶18} The trial court made this finding on the record and in its sentencing entry. Sent. T. at 32; *Judgment Entry on Sentencing*, filed May 4, 2018.

{¶19} The trial court, in part, noted,

> The Court further finds that the harm caused by the defendant is so great or unusual that a consecutive sentence is appropriate. In finding that the harm caused is so great or unusual, the Court notes in the presentence investigation and report, particularly the victim impact statement. And the victim impact statement says, in part, "We've lost our friends and our church family and we feel alone. Our daughter [N.K.M.H.] has had interviews and STD testing and physical examinations."

> On that point, I note that 14-year-old girls should not have to undergo intrusive physical examinations that are required after they are victims of sex offenses. [N.K.M.H.], who is the victim of the offense, has developed a distrust of people and she will have to go through life knowing that what is supposed to be a special moment with her husband was taken from her by someone that cares and only thinks of himself.

I do note that the commentary at that point is appropriate, that the defendant's actions to plan and prepare and go to the effort to engage in sexual conduct with a 14-year-old girl are truly based on selfish actions. The Court further notes that the harm caused by sex offences of this kind do not require any further support on behalf of the victim. This is, in fact, a sex offense and the Court is assuming that there is a significant harm caused.

Sent. T. at 32-34.

**R.C. 2929.14(C)(4)(c): The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

{¶20} The Court made no findings concerning this factor in McVay's case.

**R.C. 2929.11 and R.C. 2929.12.**

{¶21} The *Marcum* court further noted,

We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence *that is not clearly and convincingly contrary to law* only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

146 Ohio St.3d at ¶23, 2016–Ohio–1002, 59 N.E.3d 1231 (emphasis added).

{¶22} R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶23} R.C. 2929.12 is a guidance statute that sets forth the seriousness and recidivism criteria that a trial court "shall consider" in fashioning a felony sentence. Subsections (B) and (C) establish the factors indicating whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. These factors include the physical or mental injury suffered by the victim due to the age of the victim; the physical, psychological, or economic harm suffered by the victim; whether the offender's relationship with the victim facilitated the offense; the defendant's prior criminal record; whether the defendant was under a court sanction at the time of the offense; whether the defendant shows any remorse; and any other relevant factors. R.C. 2929.12(B). The court must also consider any factors indicating the offender's conduct is less serious than conduct normally constituting the offense, including any mitigating factors. R.C. 2929.12(C). Subsections (D) and (E) contain the factors bearing on whether the offender is likely or not likely to commit future crimes.

{¶24} In *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the court discussed the effect of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845

N.E.2d 470 decision on felony sentencing. The court stated that in *Foster* the Court severed the judicial-fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and ¶11, *citing Foster* at ¶100, *See also, State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306; *State v. Firouzmandi*, 5th Dist. Licking No. 2006-CA-41, 2006-Ohio-5823.

**{¶25}** "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶13, *see also State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1; *State v. Firouzmandi supra* at ¶ 29.

**{¶26}** Thus, post-*Foster*, "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter*, 5th Dist. No. 2006-CA-0025, 2006-Ohio-4061; *State v. Delong*, 4th Dist. No. 05CA815, 2006-Ohio-2753 at ¶ 7-8. Therefore, post-*Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions.

**{¶27}** There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431(4th Dist. 1995); *State v. Gant,* 7th Dist. No. 04 MA 252, 2006-Ohio-1469, at ¶60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its

findings), citing *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992); *State v. Hughes,* 6th Dist. No. WD-05-024, 2005-Ohio-6405, ¶10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods,* 5th Dist. No. 05 CA 46, 2006-Ohio-1342, ¶19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).

**{¶28}** In the case at bar, the trial court heard from the parents of the  victim by way of a written victim impact statement, heard from the witnesses presented by McVay, heard arguments from the state and defense counsel and reviewed the presentence investigation report before imposing a sentence.

**{¶29}** In the case at bar, the record supports that the harm caused to the victim was "more serious" because of the age of the victims [2929.12(B)(1)]. The offense was also more serious because McVay used his relationship with the victim to facilitate the offenses.  [2929.12(B)(6)]. None of the factors set forth in 2929.12(C) are applicable to render the offenses "less serious."

**{¶30}** Given that the trial court is not obligated to refer to every factor listed in R.C. 2929.12 as part of its sentencing analysis, "the defendant has the burden to affirmatively show that the court did not consider the applicable sentencing criteria or that the sentence imposed is 'strikingly inconsistent' with the applicable sentencing factors." *State v. Hull*, 11th Dist. Lake No. 2016-L-035, 2017-Ohio- 157, ¶8. McVay has failed in this burden.

**{¶31}** Accordingly, the trial court considered the purposes and principles of sentencing [R.C. 2929.11] as well as the factors that the court must consider when

determining an appropriate sentence. [R.C. 2929.12]. The trial court has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.

{¶32} Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. We also find that the record in the case at bar supports the trial court's findings under R.C. 2929.14(C)(4). Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised McVay regarding post-release control. While McVay may disagree with the weight given to these factors by the trial judge, McVay's sentence was within the applicable statutory range for a felony of the third degree and therefore, we have no basis for concluding that it is contrary to law.

{¶33} McVay has failed to clearly and convincingly show that the trial court failed to consider the principles of felony sentencing, or that the aggregate nine-year sentence is otherwise contrary to law.

**Conclusion.**

{¶34} McVay's First and Second Assignments of Error are overruled. The decision of the Coshocton County Court of Common Pleas is affirmed.


By Gwin, P.J.

Hoffman, J., and

Wise, J., concur